**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SEAN WASHINGTON, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 22-00749-KMW-EAP |
| DETECTIVE JAMES WILSON, *et al.*, | |
| Defendants. | **OPINION** |

APPEARANCES:

MIREL FISCH, ESQ.
LAW OFFICE OF MIREL FISCH
2329 NOSTRAND AVE, SUITE 100
BROOKLYN, NY 11210

> *Counsel for Plaintiff Sean Washington*

ANDREW S. BROWN, ESQ.
WILLIAM F. COOK, ESQ.
WILLIAM M. TAMBUSSI, ESQ.
BROWN & CONNERY, LLP
360 HADDON AVENUE, PO BOX 539
WESTMONT, NJ 08108

JAMES PATRICK CLANCY, ESQ.
BROWN & CONNERY, LLP
6 NORTH BROAD STREET
WOODBURY, NJ 08096

> *Counsel for Defendant Detective James Wilson*

BETSY G. RAMOS, ESQ.
EDWARD FRANK KUHN, III, ESQ.
CAPEHART & SCATCHARD
LARUEL CORPORATE CENTER
8000 MIDATLANTIC DRIVE, C.S. 5016, SUITE 3005
MOUNT LAUREL, NJ 08054

> *Counsel for Defendant Sergeant Serapio Cruz*

**WILLIAMS, District Judge:**

## I.   INTRODUCTION

Plaintiff Sean Washington ("Plaintiff") brings this action against Defendants Detective James Wilson ("Defendant Wilson") and Sergeant Serapio Cruz ("Defendant Cruz") (collectively, "Defendants") alleging that they violated Plaintiff's rights under the Fourth and Fourteenth Amendment by pursuing a malicious prosecution, fabricating and falsifying evidence, withholding exculpatory evidence, and engaging in an alleged conspiracy, which resulted in Plaintiff's wrongful conviction and imprisonment for 25 years.

Presently before the Court are each Defendant's Motion for Summary Judgment based solely on the Entire Controversy Doctrine and joinder principles stemming from a previously filed state case. (ECF Nos. 49, 57). Plaintiff opposes all motions, (ECF Nos. 69, 70), and Defendants replied. (ECF Nos. 71, 72). For the reasons that follow, Defendants' Motions for Summary Judgment are **DENIED**.[1]

## II.   BACKGROUND

Plaintiff and Defendants agree on the material facts underlying the instant motion. *See* ECF No. 49 Def. Wilson's Statement of Material Facts (WSMF); ECF No. 57 Def. Cruz's Statement of Material Facts (CSMF); and ECF Nos. 69 and 70 Plaintiff's Responses to Defendants' Material Statement of Facts (respectively).[2] In 1995, Defendants Wilson and Cruz, alongside Investigator Harry Glemser, investigated the double homicide of Rodney Turner and Margaret Wilson. CSMF ¶1. The investigation culminated in the indictment of Plaintiff who was later convicted by a jury.

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.
[2] In fact, the only disputed fact amongst the parties is related to the Scheduling Order issued by Judge Pascal on July 26, 2022. *Compare* WSMF and CSMF ¶8 *to* Plaintiff's Responses to same at ¶8. The dispute regarding this fact, however, is irrelevant to the disposition of the instant motion.

*Id.* ¶2. In 2019, although the New Jersey Superior Court Appellate Division vacated Plaintiff's convictions, it did not exonerate Plaintiff. Notably, the Camden County Prosecutor's Office declined to re-prosecute the case. *Id.* ¶¶3-4. Plaintiff's current counsel met with Plaintiff on February 8, 2022, and was retained on that day to undertake Plaintiff's § 1983 claims, the statute of limitations for which would run on February 11, 2022. Pl.'s Resp. Br. at Fisch Affidavit ¶¶5,7.[3] On February 10, 2022, Plaintiff filed his Complaint in this matter and subsequently amended his Complaint on July 12, 2022. CSMF ¶¶5-6. On July 26, 2022, Defendants filed their Answers. *Id.* ¶7; WSMF ¶7. On that same date, Judge Pascal issued a Scheduling order regarding discovery. WSMF ¶8; *see also* n.2 *supra.* On October 16, 2022, Plaintiff filed a Deficiency Letter explaining that his tardiness with discovery was related to, among other things, the fact that "a related state law claim" under the Mistaken Imprisonment Act ("MIA") was "gearing up" for trial. *Id.* ¶¶9-10. Thereafter, on October 19, 2022, Defendant Wilson submitted a letter in response, noting that Plaintiff's "related" matter was not identified in the Complaint or Amended Complaint, violating Local Civil Rule 11.2, and that the current action should be withdrawn or dismissed pursuant to the entire controversy doctrine. *Id.* ¶¶11-13. Plaintiff responded to Defendant Wilson's letter advising that he would not withdraw the instant case. *Id.* ¶¶14-15.

The "related" state case was filed on January 8, 2021, by Plaintiff's previous counsel. *Id.* ¶16; *see also* Plaintiff's Response to CSMF ¶16. The sole claim in the state case was Plaintiff's MIA claim against the New Jersey Department of the Treasury that asserted Plaintiff's innocence. Pl.'s Resp. Br. at Fisch Affidavit ¶6. No individual defendants were named in that case, nor did it assert any alleged civil rights violations. *Id.* Discovery in that case was concluded in the summer

---

[3] At that time, Plaintiff was represented by other counsel who initiated the Mistaken Imprisonment Act ("MIA") claim against the New Jersey Treasury in state court, and Plaintiff's current counsel was not aware of the specifics of that matter until after he substituted for Plaintiff's previous counsel on February 23, 2023. *Id.* ¶¶10-11.

of 2022 with only Plaintiff and Plaintiff's former co-Defendant being deposed, no paper discovery was produced by the State, and no motions were filed. Pl.'s Resp. Br. at Fisch Affidavit ¶¶12-15.[4] Trial was set for December 5, 2022. CSMF ¶17. On October 28, 2022, the New Jersey Department of the Treasury provided a Notice of Settlement, and the agreement was finalized on January 19, 2023. *Id.* ¶18; *see also* Plaintiff's Response to CSMF ¶18.

## III.   LEGAL STANDARDS

### Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a genuine issue for trial.''" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence

---

[4] Defendants in the current federal matter were not deposed, nor were they mentioned in the depositions of Plaintiff or Plaintiff's former co-Defendant. *Id.* at ¶16.

that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.    DISCUSSION

### A. New Jersey Court Rules and the Entire Controversy Doctrine

New Jersey has a "specific, and idiosyncratic, application of traditional res judicata principles," that "encapsulates the state's longstanding policy judgment that the adjudication of a legal controversy should occur in one litigation and in only one court," known as the Entire Controversy Doctrine. *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). The Entire Controversy Doctrine is applicable when: (1) there is a valid and final judgment on the merits in the prior action; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action "grows" out of the same transaction or occurrence as the claim in the earlier action. *See Lee v. Ocwen Loan Servicing, LLC*, No. 17-3800, 2018 WL 935426 at *3 (D.N.J. Feb. 15, 2018). "It is [a] commonality of facts, rather than the commonality of issues, parties or remedies that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine." *DiTrolio v. Antiles*, 142 N.J. 253, 272 (N.J. 1995).[5] The doctrine "bars not only claims that were brought in the previous action, but also claims

---

[5] *Ditrolio* remains good law as it pertains to joinder of related claims. *See Telebrands Corp. v. Cooper & Dunham, LLP*, No. 22-4395, 2023 WL 2570154 at *5 (D.N.J. Mar. 20, 2023), (citing *Ricketti*, 775 F.3d at 613-14; *Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C.*, 237 N.J. 91, 99 (2019)).

that could have been brought," (*In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)), for the sake of conclusive determinations, party fairness, and judicial economy and efficiency. *See Federated Mut. Ins. Co. v. City of Ocean City*, No. 19-21405, 2022 WL 951287 at *6 (D.N.J. Mar. 30, 2022). The Entire Controversy Doctrine applies in federal courts "when there was a previous state-court action involving the same transaction," *Ricketti*, 775 F.3d at 613 (quoting *Bennun v. Rutgers State University*, 941 F.2d 154, 163 (3d Cir. 1991)).

Here, Defendants argue that the New Jersey Court Rules that relate to the Entire Controversy Doctrine, party, and claim joinder support summary judgment. Rule 4:30A which governs the joinder of claims, Rule 4:28-1 which governs indispensable persons to be joined to an action, and Rule 4:5-1(b)(2) which governs notice of other actions and potentially liable persons are all implicated in the instant motion.[6] The Court will address each rule, and its applicability to this case, in turn.

### i. Rule 4:30A—Joinder of Claims

Rule 4:30A provides in pertinent part:

> Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine[. . . ]

> The rule as to claim joinder generally requires that all aspects of the controversy *between those who are parties to the litigation* be included in a single action [. . .]

> Instead of a mandatory party joinder requirement, the rules have clarified the parties' disclosure obligations and the range of appropriate court responses to failure of compliance therewith [. . .]

---

[6] The Court notes that Defendants cited to cases that reflected the New Jersey Court Rules prior to the 1998 modifications by the New Jersey Supreme Court. Crucially, these modifications no longer require dismissal, instead they give discretion to the courts to determine the applicable outcomes for the parties that run afoul of the rules. *See Kent Motor Cars Inc.*, 207 N.J. at 445.

> [T]he 1998 rule amendments eliminated, except in certain special situations, mandatory party joinder under the [Entire Controversy] doctrine.

N.J. Court Rule 4:30A, Comment 1, PRESSLER & VERNIERO, Current N.J. Court Rules (2023).

Defendants argue that summary judgment is appropriate because Plaintiff's claims should have been brought pursuant to Rule 4:30A. Rule 4:30A was originally developed in 1990 and required joinder of claims and parties and imposed preclusion as a penalty to ensure compliance, however, as Plaintiff aptly points out, after 1998 the rule was modified by the New Jersey Supreme Court to limit the scope of Rule 4:30A to mandatory joinder of claims, with Rule 4:5-1(b)(2) adopted to address joinder of parties. *See Kent Motor Cars, Inc.*, 207 N.J. at 443-44.

Here, it is clear from the briefings that different claims are at issue between the state action and the action before this Court. First, the sole claim in the state case was the MIA claim which requires a plaintiff to demonstrate that: (1) he was convicted of a crime and subsequently sentenced to a term of imprisonment, and he served all or any part of his sentence, (2) he did not commit the crime for which he was convicted, (3) he did not commit or suborn perjury, fabricate evidence, or by his own conduct cause or bring about his conviction, and (4) he did not plead guilty to the crime for which he was convicted. *See Def. Cruz's Br. at Ex. K; see also* N.J.S.A. 52:4C-3.

In comparison, the instant case raises claims brought pursuant to 42 U.S.C. § 1983, specifically: malicious prosecution, due process violations involving fabricating and falsifying evidence and withholding exculpatory evidence, and conspiracy. *See Def.' Cruz's Br. at Ex. D.* The elements required to establish a prima facie case for each of these federal claims are as follows:

- to prevail on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the

defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *May v. Borough of Pine Hill*, No. 10-2628, 2014 WL 2931020 at *7 (D.N.J. June 30, 2014) (citing *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009)).

- to prevail on a fabrication of evidence Due Process claim, a plaintiff must show that: (1) the evidence was fabricated and, (2) there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted. *Ebuzor-Onayemi v. Union Cnty. Police Dep't*, No. 16-1869, 2017 U.S. Dist. LEXIS 56027 at *8 (D.N.J. Apr. 12, 2017).

- to prevail on a withholding exculpatory evidence Due Process claim, a plaintiff must show that: (1) a defendant officer intentionally withheld evidence that was favorable to the accused—that it tended to exculpate him, and (2) that the evidence was material—that there is a reasonable probability that, if the evidence had been disclosed, the result of the proceeding would have been different. *See Johnson v. New Jersey*, No. 18-11299, 2023 WL 3952985 at *4 (D.N.J. Jun. 12, 2023).

- to prevail on a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must show that: (1) persons acting under color of state law reached an understanding to deprive him of his constitutional rights, and (2) some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. *See Servais v. Caccia*, No. 20-14601, 2023 WL 4897587 at *9 (D.N.J. Jul. 31, 2023) (internal citations and quotations omitted).

While the underlying facts are the same between the state case and the case before this Court, the legal claims are distinct. Indeed, the only commonality amongst the claims in these two

matters is the underlying fact that Plaintiff was convicted of a crime, a conviction he now challenges. Thus, it is readily apparent to the Court that the two cases have sufficiently distinct claims and therefore Rule 4:30A is not applicable here.

  ii.  Rule 4:28-1

With regards to party joinder, the Court must first determine whether Defendants, as non-parties in the state action, were subject to joinder pursuant to Rule 4:28-1. If Defendants were indispensable parties pursuant to Rule 4:28-1, the Court must then decide if Rule 4:5-1(b)(2) would require dismissal of the instant action. *See Hong's Merchandizing Group v. Young Park*, No. BER-L-5608-12, 2014 N.J. Super. Unpub. LEXIS 1271 at *8 (N.J. Super. Ct. May 19, 2014). The rule provides, in pertinent part:

> Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that the disposition of the action in the person's absence may either (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest[.]

N.J. Court Rule 4:28-1.

In 1998 the New Jersey Supreme Court amended the Court Rules, eliminated mandatory party joinder, and subsequently required notice of non-parties who should be joined under Rule 4:5-1(b)(2). *See Ricketti*, 775 F.3d at 613-614. Consequently, Rule 4:28-1(a) does not mandate automatic dismissal for failure to join an indispensable party itself—the rule requires dismissal only when it has been established that the indispensable party cannot be served with process. *See Gar Disability Advocates, LLC*, 2019 WL 3559419 at *6. The absence of an indispensable party does not deprive the court of jurisdiction to adjudicate the issues among the parties who were

9

joined. *Id*. However, under certain conditions, pursuant to Rule 4:5-1(b)(2), those indispensable parties who were not joined cannot subsequently be drawn into a successive case—Defendants argue that they are such indispensable parties and thus should be dismissed from the instant case.

There are four factors that must be considered when evaluating whether a non-party is indispensable: (1) the extent to which a judgment rendered may prejudice the current parties as well as the person who should be joined; (2) the extent to which relief may be shaped so as to avoid such prejudice; (3) whether a judgment rendered in the person's absence could provide adequate relief; and (4) whether plaintiff will have "an adequate remedy if the action is dismissed for nonjoinder." R. 4:28-1(b). *Gar Disability Advocates, LLC,* 2019 WL 3559419 at *6.

Here, the extent that the judgment rendered in the state action prejudiced Defendants is simply not substantial. The Court simply cannot glean any prejudice to Defendants resulting from the settlement of the state case. In the state case, Plaintiff was compensated by the Treasury pursuant to the MIA. Although Defendants argue that it was unfair that they were not able to participate in the state case's discovery and negotiate with the State in the state action, this argument is strained because as discussed *supra* the claims in the state case, which were dismissed by the settlement, do not relate to the claims in the instant case. The MIA was designed precisely to circumvent protracted litigation relating to the underlying cause of imprisonment in order to provide relief to individuals such as Plaintiff and the state case proceeded accordingly. *See Mills v. State, Dept. of the Treasury,* 435 N.J. Super. 69, 76-77 (Super. Ct. App. Div. 2014); *see also* N.J.S.A. § 52:4C-1.[7] Moreover, the state case focused on the facts and limited discovery required to establish Plaintiff's MIA claim.

---

[7] "The Legislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages. The Legislature intends by enactment of the provisions of this act

Further, the settlement reached in the state case provides that any recovery in this case will be offset by the statutory amount Plaintiff has received from the Treasury pursuant to the MIA. *See* N.J.S.A. § 52:4C-2(b).

Finally, the Court considers whether Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Given the running of the statute of limitations for Plaintiff's § 1983 claims at issue, dismissal would be fatal for Plaintiff. *See* Pl.'s Resp. Br. at Fisch Affidavit, ¶¶5-10.

On balance, the above factors weigh against Defendants' position that they were indispensable parties to the state action. But even if the Court were to consider the Defendants indispensable, Rule 4:5-1(b)(2) has additional requirements for the Court to review before ultimately deciding whether party-joinder was required.

> ### iii.   Rule 4:5-1 (b)(2)

Rule 4:5-1(b)(2) demands only disclosure, explicitly leaving it to the court presiding over the successive action to decide the appropriate steps to take when the Rule is implicated. *See Kent Motor Cars, Inc. v. Reynolds and Reynolds Co.*, 207 N.J. 428, 445 (N.J. 2011).

> (b) Requirements for First Pleadings. . . .
> (2) Notice of Other Actions and Potentially Liable Persons.
> Each party shall include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court or of a pending arbitration proceeding, or whether any other action or arbitration proceeding is contemplated; and, if so, the certification shall identify such actions and all parties thereto. Further, each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b)

---

that those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned be able to recover damages against the State. In light of the substantial burden of proof that must be carried by such persons, it is the intent of the Legislature that the court, in exercising its discretion as permitted by law regarding the weight and admissibility of evidence submitted pursuant to this section, may, in the interest of justice, give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf." *Id.*

because of potential liability to any party on the basis of the same transactional facts. Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification. The court may require notice of the action to be given to any non-party whose name is disclosed in accordance with this rule or may compel joinder pursuant to R. 4:29-1(b). If a party fails to comply with its obligations under this rule, the court may impose an appropriate sanction including dismissal of a successive action against a party whose existence was not disclosed or the imposition on the noncomplying party of litigation expenses that could have been avoided by compliance with this rule. A successive action shall not, however, be dismissed for failure of compliance with this rule unless the failure of compliance was inexcusable and the right of the undisclosed party to defend the successive action has been substantially prejudiced by not having been identified in the prior action.

N.J. Court Rule 4:5-1(b)(2).

Since 1998, "automatic preclusion of a successive suit has not been the appropriate sanction in New Jersey for failure to join a defendant in an earlier action concerning the same subject matter. The rules now contemplate less draconian sanctions if they will suffice[.]" *Ricketti*, 775 F.3d at 614 (citing N.J. Ct. R. 4:5-1(b)(2)). Similar to the position of the Third Circuit, the New Jersey Supreme Court has a "strong preference for adjudication on the merits rather than final disposition for procedural reasons." *Telebrands Corp v. Cooper & Dunham, LLP*, No. 22-4395, 2023 WL 2570154 at *7 (D.N.J. Mar. 20, 2023). (quoting *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 356 (N.J. 2001)). Dismissal is a proper penalty for failure to comply with Rule 4:5-1(b)(2) only when: (1) the suit is a successive action; (2) the plaintiff's failure to disclose the existence of other potentially liable parties in the earlier litigation was inexcusable; and (3) the undisclosed parties' right to defend the successive action was substantially prejudiced by their omission. *See Ricketti*, 775 F.3d at 615 (citing *Kent Motor Cars*, 207 N.J. at 440).

### 1. Successive Action

A matter is considered a "successive action" when it "arise[s] from related facts or the same transaction or series of transactions" as the first action. *Mocco v. Frumento*, No. 12-1458, 2016 U.S. Dist. LEXIS 179019, at \*25-26 (D.N.J. Dec. 23, 2016). It is the factual circumstances of the controversy, rather than claims, issues, or parties, that characterizes a successive suit. *See Gar Disability Advocates, LLC v. Orak*, No. A-4557-17T3, 2019 WL 3559419 at \*3 (N.J. Super. Ct. App. Div. Aug. 6, 2019) (internal citations and quotations omitted).

Here, it is readily apparent that the instant action is successive to the state case. Both cases arise from the same set of facts and circumstances surrounding the wrongful conviction of Plaintiff. *Compare* Def. Cruz's Br. Ex. D *to* Ex. K. Moreover, Plaintiff concedes that this action is successive to the state case. *See* Pl.'s Br. at 15 n.8.

### 2. Inexcusable Failure and Substantial Prejudice

To determine whether inexcusable conduct and substantial prejudice exist, the Court must examine several fact-intensive factors: (1) whether the failure to join or identify a person was part of a strategy to thwart the assertion of a valid claim, (2) whether the failure to join or identify a person was unreasonable under the circumstances, (3) the extent to which judicial resources were utilized in the earlier litigation; and (4) whether a person not joined in the earlier action might be unfairly hampered in their ability to mount a defense, e.g., due to loss of evidence, the running of an applicable period of limitation, or other prejudice. *Mocco v. Frumento*, 710 Fed. App'x 535, 542 (3d Cir. 2017) (citing *Hobart Bros. Co. v. National Union Fire Insurance Co.*, 354 N.J. Super. 229, 243-44 (N.J. Super. Ct. App. Div. 2002)). Further, courts have expounded upon the factor relating to substantial prejudice, focusing on "[s]uch harm [that] might come about through the loss of witnesses, loss of evidence, fading memories, and the like." *Ctr. For Profl Advancement*,

347 F. Supp. 2d at 156 (internal quotations and citations omitted). However, a delay in and of itself only results in substantial prejudice when it is coupled with unavailability of information caused by that delay. *See id.* "Accordingly, a party's access to relevant information is largely dispositive of the substantial prejudice issue." *Id.*

Here, Plaintiff's Counsel admits that he inadvertently failed to notify Defendants in this matter about the state case; citing his haste to file the Federal matter before the statute of limitations deadline and his lack of knowledge of the state case. *See* Pl.'s Resp. Br. at Fisch Affidavit, ¶¶5-10. Further, the state case was initiated by other attorneys, and it appears that Plaintiff's current counsel was sought out at the eleventh hour by Plaintiff to preserve his § 1983 claims. *Id.* Given these facts and the lack of any indicia of deliberate malfeasance in the record, the Court does not believe that the failure to join or identify Defendants in the state case was part of a strategy to gain advantage in the adjudication of Plaintiff's claims in federal court. With regard to the judicial resources employed in the earlier litigation, it appears that there was minimal discovery conducted in the state action: only Plaintiff and his co-defendant were deposed, the topics covered were limited to the MIA claim and did not include factual discovery related to Defendants despite Defendants' alleged wrongdoing outlined in the state action's complaint. *See* Pl.'s Resp. Br. at Fisch Affidavit ¶¶12-16. Further, on November 11, 2022, Plaintiff's counsel provided Defendants in this action all discovery from the state action that was available at that time. *Id.* ¶26.

On the other hand, the Court does find that the failure to join or identify Defendants was unreasonable under the circumstances in that Plaintiff's counsel should have notified this Court and Defendants at some point within the five months that Plaintiff's counsel was at the helm of these two cases. Five months is more than sufficient time for Plaintiff's counsel to recognize his

obligation to notify the Court and Defendants of the state action.[8] Additionally, Defendants argue that they are unfairly hampered in their ability to mount a defense in the federal case due to their inability to participate in discovery and negotiate with the State in the state action. *See* Def. Wilson's Br. at 13-14.

Given the balance of the factors present in the instant case, for Defendants to prevail they must demonstrate substantial prejudice would result if the case were to proceed. However, substantial prejudice requires more than a delay in and of itself, delay only results in substantial prejudice when coupled with unavailability of information *caused by that delay. See id.* (emphasis added). The access to relevant information, such as the loss of witnesses and the loss of evidence, is often considered "largely dispositive of the substantial prejudice issue." *Ctr. For Prof'l Advancement*, 347 F. Supp. 2d at 156.

Here, Defendants assert that the lapse of a year, (starting on January 8, 2021, when the state action was filed), was prejudicial in that the underlying wrongful conviction occurred nearly thirty years ago, and that a key witness is "nowhere to be found," and "[e]ven if [she] could be located, there is no guarantee she will recall events that occurred nearly thirty years ago." Def. Wilson's Reply Br. at 7. On the other hand, the Court notes that the state action was filed by different counsel, and Plaintiff's current counsel filed the instant case on February 10, 2022, and on October 16, 2022, the Plaintiff informed Defendants of the state action. Pl.'s Resp. Br. at Fisch Affidavit ¶¶8, 25. Thus, the delay caused by Plaintiff's actions in filing a successive suit and Defendants' discovery thereof was about five months. Regardless of how the Court tabulates the delay, the crux of Defendants' concern is that the underlying facts, and any evidence to support those facts, are

---

[8] The Court notes that Plaintiff's counsel recalls, but cannot confirm, that he informed Defendant Cruz's counsel of the state action in May of 2022. Pl.'s Resp. Br. at Fisch Affidavit ¶23. However, as Plaintiff's counsel is now well aware, this did not satisfy his obligation to notify the state court, this Court, or Defendant Wilson, pursuant to New Jersey Rule of Court 4:5-1 (b)(2) and Local Civil Rule 11.2.

nearly thirty years old. The issue of losing a key witness and the fading of memories to the passage of time is not, in the context of this case, due to the delay caused by Plaintiff's counsel's filing a successive case, rather it is because Plaintiff was wrongfully imprisoned for decades. Defendants also point to the unfairness of not being able to participate in the state case's discovery and negotiate with the State in the state action, but Defendants do not assert any specific reason why these circumstances would impede their ability to litigate in this case, particularly in light of the fact that the state case's discovery was limited to facts that did not include Defendants and that such discovery was provided to Defendants in November of 2022. Pl.'s Resp. Br. at Fisch Affidavit ¶¶12-16, 26 This is not to say that Defendants do not face any prejudice in litigating the case at bar, but some constraints to a litigant's ability to defend a case does not amount to substantial prejudice. *See Ctr. for Profl Advancement*, 347 F. Supp. 2d at 158.

Ultimately, the application of the relevant *Hobart* factors to this case militates in favor of Plaintiff. "[J]udicial fairness is the true measure of a court's inquiry" and it would be patently unfair to deprive Plaintiff the opportunity to pursue his § 1983 claims against Defendants. *Id.* Therefore, this Court will not dismiss this case pursuant to Rule 4:5-1(b)(2).

### iv. Entire Controversy Doctrine and Overall Unfairness

Importantly, the Entire Controversy Doctrine is a doctrine based in equity and "turns on consideration of what is fair and equitable to all parties under the circumstances presented." *Gar Disability Advocates, LLC*, WL 3559419 at *3 (citing *Dimitrakopoulos*, 237 N.J. at 99). The presence of equitable considerations can "relax mandatory-joinder requirements when joinder would be unfair." *Oliver v. Ambrose*, 152 N.J. 383, 395-96 (N.J. 1998). "Thus, the doctrine's application is flexible, with a case-by-case appreciation for fairness to the parties." *Federated Mut. Ins. Co. v. City of Ocean City*, No. 19-2140, 2022 WL 951287 at *6 (D.N.J. Mar. 30, 2022)

(quoting *In re Mullarkey*, 536 F.3d at 229). The New Jersey Rules of Court similarly reflect the Doctrine's focus on equity and fairness, giving the Court the power to decide the application of the Doctrine on a case-by-case basis. Where Rule 4:30A requires joinder of claims, it similarly "grants authority to a trial judge to create a safe harbor in an appropriate case." *Gar Disability Advocates, LLC*, 2019 WL 3559419 at *3. Rule 4:5-1(b)(2) also gives final decision-making power to the Court with regards to whether or not to join relevant parties or potentially liable parties, (*Kent Motor Cars, Inc.*, 207 N.J. at 445), and requires the Court review a multiplicity of factors weighed against "a standard of fairness to the parties and the system of judicial administration." *Ctr. for Profl Advancement,* 374 F. Supp. 2d at 157. Therefore, the Court has the final say as to whether the Entire Controversy Doctrine applies and how it will be enforced, if at all.

Here, Defendants argue that it will be unfair to them that State of New Jersey, represented through the prosecuting entity Camden County Prosecutor's Office (as Defendants put it, "the primary defendant" and "the real party in interest"), is not litigating alongside them and that it is unfair that they were not able to negotiate a settlement alongside the State in the state case. *See* Def. Wilson's Br. at 13; Def. Cruz's Reply Br. at 9.

On the other hand, Plaintiff was incarcerated for nearly 25 years for a double homicide that he asserts he did not commit and to deny Plaintiff his ability to litigate his § 1983 claims against Defendants would not only deny him a fair and reasonable opportunity to litigate his federal claims and have his day in court as to these Defendants, it would also deny him from potential recovery associated with the deprivation of his Constitutional rights. *Hobart Bros. Co. v. National Union Fire Ins. Co.*, No. A-4962-00T2, 354 N.J. Super. 229, 241 (N.J. Sup. Ct. App. Div. 2002) ("Because a violation of the entire controversy doctrine may result in the preclusion of a claim, a

court must consider whether the party against whom the doctrine is sought to be invoked has had a fair and reasonable opportunity to litigate that claim.").

Given the circumstances of this case, although permitting the matter to proceed would cause Defendants some constraints on their litigation strategy, it does not rise to the level of substantial prejudice, whereas to dismiss this case on procedural grounds would provide "a wisp of efficiency . . . [but] gained at the cost of crushing prejudice" to Plaintiff's claims which were not adjudicated in his state case. *See Thomas v. Hargest*, 363 N.J. Super. 589, 599 (N.J. Super. Ct. App. Div. 2003); *Ctr. for Profl Advancement*, 347 F. Supp. 2d at 158. The Court will not impose such an unfair outcome here and declines to apply the Entire Controversy Doctrine, creating a "safe harbor" for this case. *See Gar Disability Advocates, LLC*, 2019 WL 3559419 at \*3.

### B. The Federal Suit

Local Civil Rule 11.2 provides in pertinent part:

> [T]he initial pleading, motion or other paper of any party filed in any case in this Court . . . shall be accompanied by a certification or other document complying with 28 U.S.C. § 1746 as to whether the matter in controversy is the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, and, if so, the certification or other authorized document shall identify each such action, arbitration or administrative proceeding, and all parties thereto.

L. Civ. R. 11.2.

Notably, the rule itself does not propose or require the Court to apply any specific sanction or remedy for failure to comply. Similar to New Jersey Court Rule 4:5-1, the purpose of Local Civil Rule 11.2 is to prevent the intentional strategy of piecemeal litigation. The Court has the right to decide any remedy, even a harsh penalty, in the enforcement of its local rules. *See Kabacinski v. Bostrom Seating, Inc.*, 98 Fed. Appx. 78, 82 n.3 (3d Cir. 2004) ("[T]he District Court[] [has the] power to impose even harsh penalties for violation of the local rules . . . Local

court rules play a significant role in the district courts' efforts to manage themselves and their dockets . . . it is not an abuse of discretion for a district court to impose a harsh result . . . when a litigant fails to strictly comply with the terms of a local rule.") (internal citations and quotations omitted). However, inadvertent failure to comply may be overlooked by the Court given the appropriate context. *See* LITE, N.J. FEDERAL PRACTICE RULES, Comment 3 to L.Civ.R. 11.2 (GANN) (2023 ed.) (citing *Oldfield v. Augustensen*, No. 08-1132, 2008 U.S. Dist. LEXIS 28320 (D.N.J. Apr. 7, 2008)).

Here, Plaintiff's counsel admits to failing to comply with Local Civil Rule 11.2 inadvertently out of haste to file the Federal matter before the statute of limitations deadline. *See* Pl.'s Resp. Br. at Fisch Affidavit, ¶¶8-10. However, the Court accepting Plaintiff's counsel's explanation and finding nothing "inappropriate" afoot in this matter, the Court declines to sanction Plaintiff's counsel for this infringement. *See Oldfield*, 2008 U.S. Dist. LEXIS 28320 at *3 (finding "nothing necessarily inappropriate" about plaintiff's counsel's explanation for inadvertently failing to comply with Local Civil Rule 11.2, vacated the Order to Show Cause and declined to apply any sanctions). The Court reminds all counsel of record that the Court expects compliance with all rules applicable to this Court and that failure to do so in the future may result in appropriate sanctions.

## V.    CONCLUSION

For the reasons set forth above, Defendants' Motions for Summary Judgment are **DENIED**. An order consistent with this Opinion will be entered.

September 26, 2023

KAREN M. WILLIAMS, U.S.D.J.